UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CHARLES HARRY MADISON,

        Plaintiff,                    Case No. 1:12-cv-822

v.                                     Honorable Gordon J. Quist

UNKNOWN PARTY et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed because Defendants are immune from relief and/or Plaintiff fails to state a claim against them.

**Factual Allegations**

Plaintiff Charles Harry Madison is incarcerated at the Kent County Correctional Facility. He sues Kent County Sheriff Larry Stelma, as well as Dennis B. Leiber, who is a judge of the 17th Judicial Circuit Court in Grand Rapids, Michigan, and Norman F. Miller, who is an attorney in Grand Rapids.[1]

In his amended complaint (docket #13), Plaintiff asserts five distinct claims.[2] Under "Claim #1," Plaintiff asserts that Judge Leiber forced him to enter a guilty plea. (Compl., docket #1, Page ID#60.) Plaintiff was arrested on April 13, 2012, and appeared before Judge Leiber on April 16. Judge Leiber allegedly threatened to revoke Plaintiff's $1,000 bond and issue a $100,000 bond unless Plaintiff pleaded guilty to a charge against him. After Plaintiff reluctantly pled guilty, he was released on a "P.R." bond. (*Id.*) When Plaintiff arrived at his home, however, he decided that he had made a mistake. Soon thereafter, he filed an affidavit to withdraw his plea.

Under "Claim #2," Plaintiff asserts that Judge Leiber refused to allow Plaintiff to withdraw the plea. (*Id.* at Page ID#62.) At a hearing on July 3, 2012, Leiber indicated that Plaintiff was represented by counsel and that Plaintiff's counsel would have to file a motion. Plaintiff asserts that he was not represented by counsel at the time because his prior counsel had filed a motion to withdraw from the case in October 2011, and Judge Leiber approved this motion.

At another hearing before Judge Leiber on July 18, 2012, Plaintiff was informed that Defendant Miller was his attorney. Miller refused to see Plaintiff or file any motions on his behalf.

---

[1] Plaintiff's original complaint (docket #1) did not identify the Defendants to this action. The amended complaint (docket #13) specifically names three Defendants.

[2] Because the amended complaint takes the place of the original, the Court analyzes only the amended complaint in this Opinion.

Miller told the court that he had concerns about Plaintiff's mental competency. Plaintiff asserts that Miller did this in order to delay the criminal proceedings.

Under "Claim #3," Plaintiff asserts that Judge Leiber violated his oath of office by refusing to recognize Plaintiff's "common law jurisdiction" and the motions and affidavits that he filed with the court clerk. (*Id.* at Page ID#62.)

Under "Claim #4," Plaintiff contends that he has been unlawfully arrested and imprisoned. (*Id.*) He asserts that he has not been allowed to see the warrant for his arrest, in violation of Mich. Comp. Laws § 764.18.

Under "Claim #5," Plaintiff alleges that Leiber discriminated against him, displaying "a great hatred and disdain" toward Plaintiff, because Plaintiff is "of African Descent." (*Id.* at Page ID#62.)

As relief, Plaintiff asks the Court to restore his "rights and freedom, [his] liberty."[3] (*Id.* at Page ID#63.) In addition, he requests damages for "100 days of unlawful incarceration without due process, and the ability to defend [him]self through the court system." (*Id.*)

## Discussion

I. Immunity

Plaintiff names Judge Leiber as a Defendant for all of his claims. Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own

---

[3] To the extent Plaintiff seeks release from confinement, that form of relief is not available to him in this action. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973) (holding that "habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement").

convictions, without apprehension of person consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12.

Plaintiff's allegations fail to implicate either of the exceptions to judicial immunity. There is no question that Judge Leiber's rulings and conduct in connection with Plaintiff's criminal proceedings were judicial acts, and Plaintiff does not allege that Judge Leiber acted in the absence of jurisdiction. Accordingly, Judge Leiber is absolutely immune from liability. Because Judge Leiber is clearly immune from liability in this case, Plaintiff may not maintain an action for monetary damages against him. 28 U.S.C. § 1915(e)(2)(B)(iii). Consequently, he will be dismissed as a Defendant.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Sheriff Stelma is named as a Defendant in Claim #4, which asserts that Plaintiff's arrest and imprisonment were unlawful because Plaintiff was not permitted to see his arrest warrant in accordance with Mich. Comp. Laws § 764.18. However, § 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Thus, Plaintiff's assertion that Stelma violated state

law does not state a claim under § 1983. Consequently, Stelma will be dismissed for failure to state a claim.[4]

Finally, Plaintiff sues his court-appointed attorney, Defendant Miller. As indicated, *supra*, to state a claim under § 1983, a plaintiff must allege a constitutional violation committed by a person acting under color of state law. In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that defense counsel performs a private, not an official, function:

> In our system[,] a defense lawyer characteristically opposes the designated representatives of the State. The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness. But it posits that a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing "the undivided interest of his client." This is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed.

454 U.S. at 318-19 (footnotes omitted). The *Polk County* Court further held that this is true even of the state-appointed and state-paid public defender. *Id.* at 321. The Court said that, once a lawyer undertakes the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serves in a legal aid or defender program. *Id.* at 323. Thus, even though a public defender is paid by the state, he or she does not act under color of state law in representing the accused. *Id.* at 325. Rather, defense counsel—whether privately retained or paid by the state—acts purely on behalf of the client and is free from state control. *Id.* The Sixth Circuit has adhered to the holding in *Polk County* in numerous decisions. *See, e.g., Floyd v. Cnty. of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) (holding that, when performing traditional functions as counsel, a public defender is not a state actor); *Powers v. Hamilton Cnty. Pub. Defender*, 501 F.3d 592, 611 (6th Cir. 2007) (same); *Harmon v. Hamilton Cnty. Court of Common Pleas*, 83 F. App'x

---

[4] To the extent Plaintiff asserts an independent state-law claim against Stelma, this Court declines to exercise supplemental jurisdiction over that claim. *See* 28 U.S.C. § 1367(c)(3).

766, 767 (6th Cir. 2003). Accordingly, Miller did not act under color of state law, and no claim under § 1983 can be maintained against him.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: January 9, 2013 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE